# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL S. CROSBY (#535781)

VERSUS

BURL CAIN, ET AL.

CIVIL ACTION

NUMBER 14-684-SDD-SCR

## RULING

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary (hereafter "LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, United States Postmaster General Patrick Donahoe, Jean Rodriguez, unidentified LSP mail room employees, and unidentified LSP telephone employees. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement, he was issued a false disciplinary report and confined in segregation in retaliation for complaining about wrongdoing at the prison, prison officials have interfered with his access to the courts, he was denied telephone privileges and his outgoing mail was seized, destroyed or delayed. Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of

Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute[1]. Dismissals include only those for which appeal has been exhausted or waived[2]. However, dismissals later reversed are not to be counted as a strike[3]. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice[4].

Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was denied because, on three prior occasions during detention, the Plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[5]

On December 1, 2014, the Plaintiff was granted 21 days from the date of the *Order* to pay the Court's filing fee in the amount of $400.00.

A review of the record showed that more than 21 days has elapsed and the Plaintiff failed to pay the filing fee. Despite clear notice that he must pay the full filing fee and

---

[1] *Id.*

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed *in forma pauperis* in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

having had ample time to do so, the Plaintiff has failed to pay the filing fee. Therefore, the Plaintiff's § 1983 *Complaint* shall be dismissed.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 14 day of January, 2015.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA